FILED
EASTERN DISTRICT OF LA.
2015 NOV -5 P 3: 05
WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

## FACTUAL BASIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 14-076** |
| v. | * | SECTION: "R" |
| **TORREY LEDELL DAVIS** | * | |

\* \* \*

The defendant, **TORREY LEDELL DAVIS** (hereinafter, the "defendant" or "**DAVIS**"), has agreed to plead guilty to Count Three of the Superseding Indictment currently pending against him, charging him with interstate transportation of a minor for the purpose of engaging in criminal sexual conduct, in violation of Title 18, United States Code, Sections 2423(a) and 2. Should this matter proceed to trial, both the Government and the defendant, **TORREY LEDELL DAVIS**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts beyond a reasonable doubt to support the allegations in the Superseding Indictment now pending against the defendant:

## Background

The Government would show that, at all times mentioned in the Superseding Indictment, **TORREY LEDELL DAVIS ("DAVIS")**, was an adult male who resided in the Metairie,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Louisiana area.

The Government would show that, at all times mentioned in the Superseding Indictment, **Minor Victim 1** was a juvenile female who was born in about October 1996, and who resided in the Jackson, Mississippi area.

### Travel to Jackson, Mississippi

The Government would present eyewitness testimony and documentary evidence that in about early November 2012, **DAVIS** was contacted by **Individual A**, a person residing in the Jackson, Mississippi area. **Individual A** inquired whether **DAVIS** would be willing to train a female how to work as a prostitute. **DAVIS** agreed to do so. **DAVIS** and **Individual A** arranged for **DAVIS** to pick up the female at a hotel in Jackson, Mississippi. As part of his "training" process, **DAVIS** intended for the female to engage in acts of prostitution in the New Orleans area.

The Government would further present eyewitness testimony and documentary evidence that on the morning of November 26, 2012, **DAVIS** drove from Metairie, Louisiana to Jackson, Mississippi in a dark blue Dodge Charger for the purpose of picking up the female, bringing her back to Louisiana, and training her how to work as a prostitute. **DAVIS** met **Minor Victim 1** at the Scottish Inn in Jackson, Mississippi and drove her back to his residence in Metairie, Louisiana.

### Prostitution Indoctrination

The Government would further present eyewitness testimony, the testimony of a computer forensic examiner with the Federal Bureau of Investigation, and documentary evidence that after **DAVIS** and **Minor Victim 1** arrived at **DAVIS'S** home in Metairie, Louisiana, **DAVIS** explained to **Minor Victim 1** how to work as a prostitute, how to get clients, and how to avoid being caught by law enforcement officials. **DAVIS** had **Minor Victim 1** dress in provocative clothing, and he

then took sexually suggestive photographs of her with his personal cellular telephone. **DAVIS** and saved the photographs to his laptop computer. The photographs were then used to create a prostitution advertisement on an online classified advertisement website often used to promote prostitution. **DAVIS** also gave **Minor Victim 1** a cellular phone, into which he stored his personal cellular telephone number under the title of "Daddy."

The Government would further present eyewitness testimony and documentary evidence that **DAVIS** introduced **Minor Victim 1** to **Individual B**, a female who had worked as a prostitute for **DAVIS** for approximately one year, at his Metairie, Louisiana residence. **DAVIS** instructed **Individual B** to drive **Minor Victim 1** from **DAVIS'S** residence to the French Quarter neighborhood of New Orleans, Louisiana for **Minor Victim 1** to work as a prostitute. During the drive, **Individual B** provided **Minor Victim 1** with advice and instruction on how to work as a prostitute. **Individual B** also told **Minor Victim 1** that **Minor Victim 1** had to give a significant portion of any proceeds **Minor Victim 1** obtained through engaging in acts of prostitution to **DAVIS**.

The Government would further present eyewitness testimony and documentary evidence that on about November 26, 2012, while at a hotel in the French Quarter, **Minor Victim 1** solicited a law enforcement official acting in an undercover capacity for a sexual act in exchange for approximately $500.

The Government would establish that **DAVIS'S** intent in transporting **Minor Victim 1** from the State of Mississippi to the State of Louisiana was for **Minor Victim 1** to engage in sexual activity for which a person could be charged with violations of Louisiana criminal law, namely La. Rev. Stat. 14:80 (felony carnal knowledge of a juvenile), La. Rev. Stat. 14:81.3 (computer-aided

3

solicitation of a minor), and La. Rev. Stat. 14:82.1 (engaging in prostitution with an individual under the age of seventeen), among other laws.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, Special Agents from the FBI, Detectives from the Orleans Parish Sheriff's Office and the Jefferson Parish Sheriff's Office, other witnesses, and documents and electronic devices in the possession of the FBI, and the statements of the defendant, **TORREY LEDELL DAVIS**.

**APPROVED AND ACCEPTED:**

_____  
TORREY LEDELL DAVIS  
Defendant

Date: 11/5/15

_____  
BILLY GIBBENS, ESQ.  
(Louisiana Bar No. 27225)  
Attorney for Defendant Davis

Date: 11/5/15

_____  
JORDAN GINSBERG  
(Illinois Bar. No. 6282956)  
Assistant United States Attorney

Date: 11-5-15

_____  
K. PAIGE O'HALE  
(North Carolina Bar. No. 44667)  
(Louisiana Bar No. 35943)  
Assistant United States Attorney

Date: 11/5/2015

4